510

**UNITED STATES of America**

v.

**William A. MOUSLEY and Mae E. Mousley.**

**Crim. No. 20633.**

United States District Court
E. D. Pennsylvania.

Jan. 29, 1962.

Drew J. T. O'Keefe, U. S. Atty., by Edmund E. De Paul, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Robert M. Taylor, William Jay Leon, Philadelphia, Pa., for defendants.

WOOD, District Judge.

## I. HISTORY OF THE CASE

The defendants were jointly indicted by a Grand Jury on nine counts charging various acts of evading Federal income taxes. The case was tried before a jury. The trial lasted over fourteen days. The Government's exhibits numbered more than 206 and the defendants' exhibits were 31 in number. There were approximately 75 witnesses. The notes of testimony were not transcribed. Both at the conclusion of the Government's evidence and at the conclusion of the defendants' evidence, the defendants moved for judgments of acquittal. These motions were denied and the case was submitted to the jury. The jury found both defendants guilty on each of the nine counts. Within due time thereafter the

defendants made the motions presently before us.

■ The motion in arrest of judgment attacks the sufficiency of the indictment, charging that it does not state facts sufficient to constitute an offense against the United States. Counts I through IV charge the willful attempts to evade the *payment* of income taxes due and owing for the years 1942 through 1946 by filing with the Government false statements of properties owned pursuant to various offers in compromise. They also charge the filing of a false application for discharge of property from a Federal Tax Lien. Count V charges perjury under 26 U.S.C.A. § 7206 (1) by the filing of a United States Treasurer's Form No. 433, a statement of financial condition. Counts VI through IX charge willful attempts to evade income taxes for the years 1954 through 1957 by the filing of false and fraudulent tax returns.

Prior to trial the defendants filed a motion to dismiss Counts I through IV of the indictment and a motion for a bill of particulars as to Counts VI through IX of the indictment. Both motions were denied by the Court on May 17, 1961 (United States v. Mousley, D.C., 194 F.Supp. 119 (1961)). At that time we considered the sufficiency of the various counts of the indictment and determined that all counts stated facts sufficient to charge an offense against the United States. We also considered and ruled against the defendants' contention that the statute of limitations barred Counts I through IV. We have reconsidered our rulings made therein but find no new argument or reason to persuade us to change our opinion. Therefore, the motion in arrest of judgment will be denied.

With regard to the defendants' motions for judgments of acquittal or for a new trial, we may summarize their contentions briefly as follows:

■ First, the defendants argue that there was insufficient evidence of willful acts on the part of the taxpayers for the jury to find them guilty of criminal evasions. Since the notes of testimony were never transcribed, as mentioned before, it is impossible for us to pick out the numerous instances of evidence of willfulness. Suffice it to mention evidence of the use of straw parties as record titleholders of properties which in fact defendants controlled, omission of many of these and other properties from statements filed in connection with offers of compromise, and the number of years and occasions involved upon which defendants understated their income and/or their assets. The jury properly concluded from this evidence that the defendants were criminally responsible for the acts charged.

■ Second, with regard to the years 1954 through 1957 and Counts VI through IX of the indictment, the defendants contend that the trial judge should have ruled as a matter of law that the unreported taxable income charged by the Revenue agent to the defendants from various properties was not income from properties "owned" by the defendants. Defendants' brief discusses these properties piece by piece on pp. 12 through 16. However, we think that all of the evidence concerning these properties was for the jury to believe or disbelieve and to evaluate under proper instructions from the Court as to whether the defendants did in fact receive profits therefrom. The jury having performed that function, we shall not disturb its findings as to these counts.

Third, defendants argue that the testimony of the witness Klotz, who reconstructed the actual income of the defendants as distinguished from the reported income, was incorrect. It is our clear recollection that he based the items on definite facts proved by the Government. Furthermore, the jury was carefully instructed that if they thought that this expert Government witness, in arriving at his conclusions, used facts which the Government had not proven beyond a reasonable doubt, they should disregard his conclusions. The Court so charged in order to give the defendants the ut-

most protection. It is clear beyond peradventure that the jury decided that the unreported income was proved beyond any reasonable doubt and that the calculations of the witness Klotz were based on proven facts. Once again we repeat that this entire, long and difficult case was one in which the issues hinged largely on credibility and, in our opinion, any verdict other than that which was returned would have been clearly against the weight of the evidence.

■ Fourth, as to Count II of the indictment, which charged the defendants with attempting to evade the payment of taxes by filing a false application for discharge of property from a Federal Tax Lien, defendants contend that although the Government produced evidence showing that the date of the agreement of sale of such property had been altered, no evidence was produced to link the defendants with such alteration. Our recollection of the evidence agrees with defendants in this regard. Therefore, we shall direct a judgment of acquittal as to Count II for both defendants.

■ Fifth, as to Count V, it is charged that the defendants presented a statement of financial condition to the Government from which certain properties were omitted. It is defendants' contention that because these properties were either so encumbered by taxes, etc., or so small as to be valueless, defendants saw no reason for listing them on the statement of financial condition. Defendants contend that any properties omitted from this statement which were not valueless were omitted by inadvertence. Therefore, argue defendants, it was error to allow the jury to find willful, deliberate omissions on the part of defendants in an attempt to evade their taxes. There was also evidence from which the failure to list these properties was explained by the taxpayers' reliance on the advice of reputable counsel and their accountants. In short, as to this count, we are of the opinion that a reasonable doubt was raised in favor of defendants. Accordingly, we will enter judgment of acquittal as to Count V.

■■ Sixth, Mr. Mousley was questioned about his alleged refusal to turn over his records to the Internal Revenue Service. Defendants now contend that the evidence elicited on this cross-examination was a violation of Mr. Mousley's constitutional right not to give evidence against himself. It is our recollection that the defendants themselves first introduced evidence of the alleged cooperation on the part of Mr. Mousley with the Internal Revenue Service. In any event, the Court is certain that any questions asked Mr. Mousley relating to his "cooperation with Government agents" were severely restricted by the Court. Furthermore, the Court's charge fully protected the defendants in this regard. We wish to emphasize here that no exception to that charge was taken, either as to this point or as to any other point. In addition, we note that the failure of a taxpayer to furnish records to investigating agents has been held to be a proper subject of comment by trial courts. Smith v. United States, 236 F.2d 260, 268 (8 Cir. 1956); Myres v. United States, 174 F.2d 329 (8 Cir. 1949); Olson v. United States, 191 F.2d 985 (8 Cir. 1951); and Beard v. United States, 222 F.2d 84 (4 Cir. 1955).

We emphasize again that almost all of the issues presented by this motion were matters for the jury, involving as they did the credibility of witnesses. Therefore, except as mentioned above, the motion for judgments of acquittal will be denied as to all counts except count Nos. II and V. Furthermore, it is our considered opinion that the interests of justice do not warrant the granting of a new trial.

## ORDER

And now, to wit, this 29th day of January, 1962, IT IS HEREBY ORDERED THAT:

1. The defendants' motion in arrest of judgment is DENIED.

2. The defendants' motion for a new trial is DENIED.

3. The defendants' motion for a judgment of acquittal as to Count Nos. I,

III, IV, VI, VII, VIII and IX is DE-NIED.

4. The defendants' motion for a judgment of acquittal as to Count Nos. II and V is GRANTED.

The defendants, William A. Mousley and Mae E. Mousley, shall appear in Court for sentencing on February 26, 1962, at 1:30 p. m.