**UNITED STATES of America, Plaintiff,**

v.

**R. Drew LAMB and Magnolia Motor and Logging Co. (A Corporation), Defendants.**

**Cr. No. 11800.**

United States District Court
N. D. California, N. D.
March 18, 1957.

Lloyd H. Burke, U. S. Atty., and James S. Eddy, Asst. U. S. Atty., Sacramento, Cal., for plaintiff.

Sidney E. Ainsworth, Ashland, Or., for defendants.

HALBERT, District Judge.

Defendants are charged by a two count Indictment with:

(1) knowingly, wilfully, and unlawfully stealing and converting to their own use personal property of the United States, to wit, "approximately 10,300 fir, cedar, and hemlock logs of a value of more than $100" in violation of Title 18 U.S.C.A. § 641;[1] and

(2) knowingly, wilfully and unlawfully depredating certain real property of the United States within the jurisdiction of this Court in violation of Title 18 U.S.C.A. § 1361.[1]

Defendants have moved to dismiss Count I of the Indictment on the ground that it fails to state facts sufficient to constitute an offense against the United States, but the only real argument that they seek to advance in support of their motion is that the alleged offense (i. e., the unlawfulful stealing and conversion of logs) is not a violation of § 641, and may only be prosecuted under the provisions of §§ 1852 and 1853. Count II, defendants also contend, is defective in that it fails to state facts sufficient to constitute an offense against the United States, but as to this second count of the Indictment, defendants, as will appear later, actually do no more than complain that it is ambiguous.

It appears that on its face Count I of the Indictment alleges facts, which, if true, are sufficient to charge defendants with a violation of § 641. Defendants do not contend otherwise. In support of their motion to dismiss Count I of the Indictment, defendants argue that Congress has provided a specific and *exclusive* statutory penalty for the unlawful taking of timber from Government property, §§ 1852 and 1853, thereby making § 641 inapplicable to the instant case. Section 1852 prescribes a penalty for the cutting or wanton destruction of *timber* growing on the public lands of the United States, or, *inter alia*, for the removal of any timber from public lands "with intent to export or to dispose of the same".

Section 1853 prescribes a penalty for the cutting or wanton injury or destruction of *trees* growing, standing or being upon lands reserved by law for public use or upon Indian lands. Section 641, so far as it is here applicable, applies to the theft or knowing conversion of any thing of value of the United States, meaning, in essence, any personal property of the United States, cf. Robinson v. United States, 8 Cir., 142 F.2d 431.

 The principal issue, so far as Count I of the Indictment is concerned, then, resolves itself into the question of whether it was the intention of Congress that the taking of timber from Government property may be punished only under the provisions of § 1852 or § 1853, even though it would be possible under certain factual situations to construe the taking as a violation of § 641.

It is a well established rule of construction that where two statutory provisions apply to the same set of facts, one applying only to a specific fact situation, and the other applying generally to all similar fact situations, the specific provision will control the general, United States v. Chase, 135 U.S. 255, 10 S.Ct. 756, 34 L.Ed. 117; Ginsberg & Sons v. Popkin, 285 U.S. 204, 52 S.Ct. 322, 76 L.Ed. 704; and MacEvoy v. United States, 322 U.S. 102, 64 S.Ct. 890, 88 L. Ed. 1163, and in the context of a criminal prosecution, the specific provision alone will be applicable. Price v. United States, 5 Cir., 74 F.2d 120, and Robinson v. United States, supra. However, it is an equally well established rule of construction that where two statutes, each proscribing some conduct not covered by the other, overlap, a single act may violate both, at least where there is some distinction between the elements of each offense, and the violator may be prosecuted under either. United States v. Beacon Brass Co., 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61; United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598; Toliver v. United States, 9 Cir., 224

---

1. In each instance in this opinion, when a section is referred to, it will be a section of Title 18 U.S.C.A.

F.2d 742; and United States v. Moran, 2 Cir., 236 F.2d 361.

By Count I of the Indictment presently before the Court, defendants are charged with knowingly, wilfully and unlawfully stealing and converting to their own use personal property of the United States. The personal property alleged to have been stolen and converted is described in the Indictment as being approximately 10,300 fir, cedar and hemlock logs with an aggregate value in excess of $100. There is no allegation in the Indictment that these logs were growing, standing, or in fact even upon any public or Indian lands, at the time of the alleged offense. On a motion to dismiss an Indictment on the ground that it fails to state facts sufficient to constitute an offense against the United States, this Court is bound to accept as true all well pleaded facts set forth in the Indictment. Winslow v. United States, 9 Cir., 216 F.2d 912, 913 and cases therein cited; United States v. Chrysler Corporation, etc., 9 Cir., 180 F. 2d 557; United States v. Pennell, D.C., 144 F.Supp. 320. What the Government will be able to prove at a trial is one thing, but what is charged in the Indictment is quite another. It is only the latter with which the Court is now concerned on a motion to dismiss.

It is the opinion of the Court that from the facts pleaded in the instant Indictment, all of the elements necessary to constitute a violation of § 641 are presented thereby. Furthermore, the Court is of the view that there is a sufficient distinction between the conduct proscribed by §§ 1852 and 1853, and that proscribed by § 641 to negate any intention on the part of Congress to make §§ 1852 and 1853 the sole sections applicable to timber, and this is particularly true when the timber has been transmuted from real property into personal property (that is, from standing trees to logs or lumber).

Section 641 applies only to the stealing or conversion of personalty belonging to the United States, whereas § 1852 becomes applicable when the act of cutting, destroying or removing *timber growing on the public lands of the United States* is committed, and § 1853 becomes applicable when the act of cutting, injuring or destroying *trees growing, standing or being upon any public or Indian lands* is committed. It is fundamental that standing timber (This Court can see no legal distinction between growing trees and standing timber.) is classified as realty, United States v. Shoshone Tribe of Indians, 304 U.S. 111, 58 S.Ct. 794, 82 L.Ed. 1213, and Capoeman v. United States, D.C., 110 F.Supp. 924; hence § 641 (relating to personalty) could not be applied. In addition, §§ 1852 and 1853 apply to timber or trees on public land or Indian lands only, whereas § 641 has no such limitation. Furthermore, in order to establish a violation of § 641, the theft or conversion must be shown to have been committed with a criminal intent, or *"mens rea"*, i.e., with the knowledge that the taking is wrongful, Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288; whereas, the only intent necessary to establish a "removal" or taking of timber under § 1852 is the intent to "export or dispose of the same", cf. Teller v. United States, 8 Cir., 113 F. 273, construing an earlier and slightly different statute, and § 1853 does not appear to require any *specific* intent at all. It is apparent that where § 1852 overlaps § 641, i.e., when it applies to severed timber (personalty) and the removal thereof, United States v. Schuler, 27 Fed.Cas. p. 978, No. 16,234, it does not require all the attributes of criminal intent, indeed, the intent need not be wrongful at all. A similar legal situation seems to exist so far as § 1853 is concerned, although the possibility of such a situation is less clear since § 1853 is definitely limited to cutting, injuring or destroying trees. With the aforementioned points of difference in mind, the Court is of the view that Congress did not intend to preclude the application of the general larceny statute, § 641, where the taking of logs is in-

volved, and that where the facts justify it, a prosecution under § 641 is equally as proper (perhaps even more so in some instances) as one under § 1852 or § 1853. The defendants' motion to dismiss Count I of the Indictment must, therefore, be denied.[2]

 Defendants' contention that Count II of the Indictment is defective by reason of its being couched in the terms of the statute is also without merit. There is nothing abhorrent about the use of the statutory language to charge the offense where, as here, the statute contains all of the elements necessary to constitute the offense. Brown v. United States, 9 Cir., 222 F.2d 293, 296 and cases there cited. Count II of the Indictment now before the Court sets forth a description of the property injured (real property) and the dates between which the depredation is alleged to have occurred. It further indicates in clear and unambiguous language that the depredation was wilful, and that the damage to the Government property exceeded $100. It is, therefore, patent that Count II of the Indictment satisfies the requirements of the law and sufficiently informs defendants of the nature of the charge against them. This is all that the defendants are entitled to. United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92; citing Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861; and Brown v. United States, supra; and cf. Rule 7(c), Fed. Rules Crim.Proc., 18 U.S.C.A. Defendants' motion to dismiss Count II of the Indictment must also be denied.

It is, therefore, ordered that defendants' motion to dismiss Counts I and II of the Indictment on file in this case be, and it is, denied as to each and both of said Counts in the Indictment.

2. Defendants have called to the attention of the Court the case of United States v. Simpson, Cr. No. 17,903, in the United States District Court, for the District of Oregon, wherein the District Court there dismissed an Indictment for a violation, *inter alia*, of § 641 charging the defendant with unlawfully, wilfully, feloniously and knowingly embezzling, stealing, purloining and converting to his own use a quantity of *standing timber* valued in excess of $100 located on lands owned by the United States. Defendants'

contention that the ruling in the Simpson case is determinative of the issues in the case at bar is without merit for the obvious reason that the Indictment in the case at bar does not attempt to make the theft or conversion of *standing timber* a violation of § 641, but, on the contrary, charges defendants with the theft and conversion of *logs*, which under ordinary nomenclature, signifies severed timber (and therefore personal property), not standing trees.