**UNITED STATES of America,**
**Plaintiff,**

v.

**Lorin Ellis SAWYERS, Defendant.**

**Crim. No. 12685.**

United States District Court
N. D. California, N. D.

Aug. 4, 1960.

&#9740;11

Lynn J. Gillard, U. S. Atty., San Francisco, Cal., and Robert E. Woodward, Asst. U. S. Atty., Sacramento, Cal., for plaintiff.

Winslow & Turner, Willits, Cal., for defendant.

HALBERT, District Judge.

In this case, defendant has been charged by an Indictment with five separate violations of the Federal law. The Indictment was returned and filed on May 13, 1960. In Count 1 of the Indictment, defendant is charged with having stolen certain logs belonging to the United States, on or about the period between May 29, 1956, and August 30, 1956. (A violation of Title 18 U.S.C. § 641). In Count 2 of the Indictment, defendant is charged with having unlawfully cut certain timber growing on the public lands of the United States, on or about the period between June 4, 1955, and June 28, 1955. Count 4 of the Indictment charges the defendant with unlawfully cutting certain other timber growing on the public lands of the United States, during the months of September, October and November, 1957. In Count 3 of the Indictment, defendant is charged with unlawfully removing some of the timber, which is the subject of Count 2, with the intent to dispose of said timber. Count 5, in a fashion similar to Count 3, charges the defendant with unlawfully removing some of the timber, which is the subject of Count 4. (Counts 2, 3, 4 and 5 each charge a violation of Title 18 U.S.C. § 1852).

Defendant has moved, on various grounds, to dismiss the Indictment returned against him in this case. This motion is now before this Court for its decision and determination.

The sole ground urged by defendant for the granting of his motion to dismiss, as to the entire Indictment, is that there was an unnecessary delay in presenting the case to the Grand Jury (Federal Rules of Criminal Procedure, Rule 48, 18 U.S.C.). According to the notes of the Advisory Committee on the Federal Rules, Rule 48(b) is a restatement of the inherent power of the courts to dismiss a case for want of prosecution. The Committee cites Ex parte Altman, D.C., 34 F.Supp. 106, in which the upshot of the matter was that the Indictment was not dismissed. A reading of the Altman case discloses the discretionary nature of the power of the courts to dismiss.

■■ Defendant supports the claim of unnecessary delay solely on the basis of the lapse of time between the events, on which the charge is predicated, and the time when the Indictment was brought. The mere lapse of time is not enough to impel this Court to dismiss the Indictment. Congress has established the rule that a lapse of five years after the offense has been committed shall, *ipso facto*, bar prosecution for such an offense as is here involved (Title 18 U.S.C. § 3282). This Court will not, on its own initiative, establish a shorter period of limitations. Only if defendant were to establish by "sifted evidence and demonstrated facts" that there had been unnecessary delay by the prosecution (to which the defense had not contributed nor acquiesced), might this Court grant the motion of defendant under Rule 48 (b) (See: United States v. Research Foundation, D.C., 155 F.Supp. 650; and United States v. Monarch Radio & Tele-

vision Corp., D.C., 162 F.Supp. 910). In view of the state of the record here, defendant's motion to dismiss the entire Indictment must be denied.

■■ Defendant contends that Counts 2 through 5 of the Indictment should be dismissed because they do not properly allege the existence of criminal intent. There is no requirement of criminal intent under Title 18 U.S.C. § 1852 (United States v. Lamb, D.C., 150 F. Supp. 310, affirmed sub nom. Magnolia Motor & Logging Company v. United States, 9 Cir., 264 F.2d 950). However, it is open to the defendant to show that the timber was cut or removed under the well-grounded belief that it was from lands other than those of the United States. Proof of such a mistake of fact, honestly and conscientiously made, would be a defense to the charge in this case, but it is not necessary for the Indictment to negative such defensive matter (United States v. Schuler, 27 Fed.Cas. page 978, No. 16,234; Teller v. United States, 10 Cir., 113 F. 273; McKelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301; Rose v. United States, 9 Cir., 149 F.2d 755; and Fippin v. United States, 9 Cir., 162 F.2d 128).

■ Defendant contends that Counts 2 and 3 duplicate each other, and that Counts 4 and 5 do likewise. The claim is that the Government is trying to split up a single transaction into several parts in order to convict the defendant of multiple offenses. The Court is of the view that a defendant may not be twice punished, once for cutting, and once for removing, the identical timber, where the cutting and removing are a part of a single continuous operation (See: Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370; and Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed. 2d 407).

■■ There is nothing in the record of this case, now before the Court, to show that the cutting and removing of the timber was all a part of one single transaction.[1] If the defendant has gone onto the United States public lands on one occasion and cut the timber, that does not give him a free license to return on another occasion and remove it. If the law were such, and defendant actually committed the acts charged in Counts 2 and 3, he presumably could, even now, return for the rest of the timber which was cut but not removed, without further criminal penalty. This, of course, would bring about an intolerable situation, which surely was not contemplated by Congress when it divided § 1852 of the United States Code into separate and distinct paragraphs.

Furthermore, Counts 2 and 3 allege different facts, requiring different proof. The Government may be able to satisfy the jury that defendant cut the timber, but not that he removed it; or that he removed it, but not that he cut it; or neither; or both. If the jury is satisfied that he did either, or both, then it may return a verdict of guilty. The Government is entitled to carry the charge to the jury in the alternative. If it is proved that the defendant both cut and removed the logs as a single and continuous operation, he will be subject to but one punishment under Title 18 U.S.C. § 1852; but if it is proved that defendant cut and removed the logs as separate operations (even though the logs should happen to be the same in each instance) he would be subject to punishment for each separate offense. The arguments which apply to Counts 2 and 3 apply with equal force to Counts 4 and 5.

■ The last contention which defendant presents to this Court is that Counts 3 and 5 of the Indictment do not

---

1. For the purposes of a motion to dismiss, the Court must take the facts from the allegations of the Indictment, and all allegations well pleaded in the Indictment must be taken as true (Winslow v. United States, 9 Cir., 216 F.2d 912; United States v. Lattimore, 94 U.S. App.D.C. 268, 215 F.2d 847; Las Vegas Merchant Plumbers Association v. United States, 9 Cir., 210 F.2d 732; United States v. Chrysler Corporation, 9 Cir., 180 F.2d 557; United States v. Udani, D.C., 141 F.Supp. 30; United States v. Silverman, D.C., 129 F.Supp. 496; and United States v. J. R. Watkins Company, D.C., 16 F.R.D. 229.)

state an offense under Federal law. In reply to defendant's earlier motion for a bill of particulars, the Government stated that, as used in those counts of the Indictment, the word "timber" means "logs." Defendant contends that Section 1852 proscribes the removal only of "timber," which means only "standing trees." The absurdity, which this construction would make of the provision in Title 18 U.S.C. § 1852 prohibiting the removal of timber, is patent. "Standing trees" cannot be removed, unless the earth is removed with them (even though the earth be removed with them, it is doubtful that they would then be *standing* timber").

The proper construction of a statute prohibiting the removal of timber is that it embraces a prohibition of the removal of felled trees, that is, logs (United States v. Schuler, supra).

It is, therefore, ordered that defendant's motion to dismiss be, and it is, hereby denied in all respects.