## UNITED STATES v. BEACON BRASS CO., Inc. et al.

### Cr. 51-288.

United States District Court
D. Massachusetts.

Jan. 10, 1952.

George F. Garrity, U. S. Atty., Joseph M. Hargedon, Asst. U. S. Atty., Harold G. Jackson, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Richard Maguire, Boston, Mass., for defendant.

McCARTHY, District Judge.

The defendants have filed a motion to dismiss the indictment because it is duplicitous and because it does not state an offense within the terms of Title 26 U.S.C.A. § 145(b).

A similar indictment was dismissed on motion by this Court on April 27, 1951 (Criminal No. 51–55). I quote from the memorandum filed on that date: "The return of the Beacon Brass Company, Inc., for the fiscal year ending October 31, 1944, was filed with and received by the Collector of Internal Revenue in Boston, Massachusetts, on either January 5 or January 15, 1945. The stamp of the receiving office, which appears to be indistinct, reads 'January 5, 1945'. But since the check of the

Beacon Brass Co., Inc., in payment of its reported tax was dated January 15, 1945, I would find as a fact if it were important (which it is not), that the return was filed on January 15, 1945. The six-year statute of limitations against the filing of a false return in violation of 26 U.S.C.A. § 145(b) commenced to run on that date. The indictment in this case was not returned by the Grand Jury until March 16, 1951, which is well over the six-year period * * *. The present indictment in one count * * (charges) a violation of 26 U.S.C.A. § 145 (b), *plus the making of false statements at a hearing and conference before the representatives and employees of the United States Treasury Department on October 24, 1945. This is bad pleading. If the United States wanted to allege a violation of 18 U.S.C.A. (1940 ed.) § 80, 18 U.S.C.A. § 1001, (1948 ed.), for the making of false statements, it should have set it forth succinctly in the language of the statute* * *"* (Emphasis supplied.)

The indictment with which we are here concerned was returned on September 14, 1951, charging the defendants with violation of 26 U.S.C.A. § 145(b) in that the individual defendant made fraudulent statements on October 24, 1945 to Treasury Agents concerning payments and disbursements by the corporate defendant for the purpose of concealing additional unreported income. The only difference, therefore, between this indictment and the indictment in Criminal No. 51–55 in this Court is that no mention is made here by the Government of the fact that the corporation filed its tax return in January of 1945.

■ This indictment does not charge that the defendants violated 18 U.S.C.A. § 1001. A prosecution in 1951 under this statute for a false statement in 1945 would be barred by the three-year statute of limitations. 18 U.S.C.A. § 3282. The Government contends, however, that the act of making fraudulent representations to a Treasury Agent to "support and bolster a fraudulent return" is in and of itself a violation of 26 U.S.C.A. § 145(b) which forbids evasion of income tax "in any manner", and to which the six-year statute of limitations is applicable. 26 U.S.C.A. § 3748.

■ Section 145(b) of Title 26, U.S.C.A., contemplates that many methods can be used to accomplish the crime of tax evasion. On the other hand, Section 1001 of Title 18 deals specifically with a situation such as is presented here. In passing the latter statute Congress must be presumed to have intended that making false statements should be punished thereunder. There is a different penalty provided than under 26 U.S.C.A. § 145(b), and Congress thereby emphasized the distinctness of the two offenses. Creel v. United States, 8 Cir., 21 F.2d 690, 691.

■ The Court concludes that the act alleged in this indictment is not such an act as was contemplated by the provisions of 26 U.S.C.A. § 145(b), and that the indictment, therefore, must be and it is hereby dismissed.