## UNITED STATES *v.* BEACON BRASS CO., INC. ET AL.

No. 30. Argued October 23, 1952.—Decided November 10, 1952.

*Marvin E. Frankel* argued the cause for the United States. With him on the brief were *Acting Solicitor General Stern, Acting Assistant Attorney General Lyon, Ellis N. Slack* and *Melva M. Graney. Philip B. Perlman,* then Solicitor General, was on the Statement as to Jurisdiction.

*Richard Maguire* argued the cause and filed a brief for appellees.

MR. JUSTICE MINTON delivered the opinion of the Court.

On March 16, 1951, a one-count indictment was returned in the United States District Court for the District of Massachusetts against the appellees, Beacon Brass Company, a corporation, and Maurice Feinberg, its

president and treasurer. The indictment charged that in violation of § 145 (b) of the Internal Revenue Code, 40 Stat. 1085, as amended, 26 U. S. C. § 145 (b), the appellees had willfully attempted to evade taxes by making false statements to Treasury representatives on October 24, 1945, "for the purpose of supporting, ratifying, confirming and concealing the fraudulent and incorrect statements and representations made in the corporate tax return of said Beacon Brass Co., Inc., for the fiscal period ending October 31, 1944, filed on or about January 5, 1945 . . . ." Section 145 (b) provides in pertinent part:

> "[A]ny person who willfully attempts *in any manner* to evade or defeat any tax imposed by this chapter or the payment thereof, shall, *in addition to other penalties provided by law,* be guilty of a felony . . . ."
> (Emphasis supplied.)

The six-year limitation period, 43 Stat. 341, 342, as amended, 26 U. S. C. § 3748 (a)(2), applicable to offenses under this statute, had expired on a charge for filing a false tax return in January 1945, but it had not expired on a charge of making false statements to Treasury employees in October 1945. The District Court viewed the indictment as charging the separate crimes of filing a false return and making subsequent false statements to Treasury representatives, and dismissed the indictment as duplicitous.

On September 14, 1951, a second indictment was returned against the appellees which repeated the charge that in violation of § 145 (b) they "did wilfully and knowingly attempt to defeat and evade a large part of the taxes due and owing by the said corporation . . . by making certain false and fraudulent statements and representations, at a hearing and conference before representatives and employees of the United States Treasury

Department, on or about October 24, 1945 . . . ." Reference to the allegedly false return filed in January 1945 was omitted, and instead it was charged that the false statements were made "for the purpose of concealing additional unreported net income . . . ."

Section 35 (A) of the Criminal Code, 18 U. S. C. (1946 ed.) § 80 (now 18 U. S. C. (Supp. V) § 1001) makes it unlawful to "knowingly and willfully . . . make . . . any false or fraudulent statements or representations . . . in any matter within the jurisdiction of any department or agency of the United States . . . ." Obviously, at the times of the indictments here, the three-year limitation period, 18 U. S. C. (Supp. V) § 3282, for violations of this statute had expired as to statements made in October 1945. The District Court concluded that since § 35 (A) deals specifically with false statements, Congress must be presumed to have intended that the making of false statements should be punishable *only* under § 35 (A). Therefore, the District Court dismissed the indictment on the ground that it failed to charge an offense under 26 U. S. C. § 145 (b). 106 F. Supp. 510. We noted probable jurisdiction of the United States' appeal taken under authority of 18 U. S. C. (Supp. V) § 3731.

We have before us two statutes, each of which proscribes conduct not covered by the other, but which overlap in a narrow area illustrated by the instant case. At least where different proof is required for each offense, a single act or transaction may violate more than one criminal statute. *United States* v. *Noveck,* 273 U. S. 202, 206; *Gavieres* v. *United States,* 220 U. S. 338. Unlike § 35 (A), § 145 (b) requires proof that the false statements were made in a willful effort to evade taxes. The purpose to evade taxes is crucial under this section. The language of § 145 (b) which outlaws willful attempts to evade taxes "in any manner" is clearly broad enough to include false statements made to Treasury representatives

for the purpose of concealing unreported income. Cf. *Spies* v. *United States,* 317 U. S. 492, 499. The question raised by the decision below is whether by enacting a statute specifically outlawing all false statements in matters under the jurisdiction of agencies of the United States, Congress intended thereby to exclude the making of false statements from the scope of § 145 (b).

We do not believe that Congress intended to require the tax-enforcement authorities to deal differently with false statements than with other methods of tax evasion. By providing that the sanctions of § 145 (b) should be "in addition to other penalties provided by law," Congress recognized that some methods of attempting to evade taxes would violate other statutes as well. See *Taylor* v. *United States,* 179 F. 2d 640, 644. Moreover, since no distinction is made in § 35 (A) between written and oral statements, the reasoning of the court below would be equally applicable to false tax returns which are, of course, false *written* statements. But the Courts of Appeals have uniformly applied § 145 (b) to attempts to evade taxes by filing false returns. *E. g., Gaunt* v. *United States,* 184 F. 2d 284, 288; *Taylor* v. *United States, supra,* at 643–644. Further support for our conclusion can be found in *United States* v. *Noveck, supra,* where this Court rejected the contention that the enactment of § 145 (b) impliedly repealed the general perjury statute insofar as that statute applied to false tax returns made under oath. Cf. *United States* v. *Gilliland,* 312 U. S. 86, 93, 95–96. Finally, the enactment of other statutes expressly outlawing false statements in particular contexts, *e. g.,* 18 U. S. C. (Supp. V) §§ 1010, 1014, negates the assumption—which was the foundation of the decision of the court below—that Congress intended the making of false statements to be punishable only under § 35 (A).

The appellees contend that the acts charged constitute only one crime of tax evasion which was complete when

the allegedly false tax return was filed. On the basis of this contention, appellees seek to sustain the decision below on the grounds that the six-year statute of limitations had run, and that the dismissal of the first indictment is *res judicata* and a bar to the second indictment for the same offense. We do not consider these questions because our jurisdiction on this appeal is limited to review of the District Court's construction of the statute in the light of the facts alleged in the indictment. 18 U. S. C. (Supp. V) § 3731; *United States* v. *Borden Co.,* 308 U. S. 188, 206–207.

The judgment of the District Court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed.*

MR. JUSTICE BLACK is of the opinion that the District Court reached the right result and would affirm its judgment.