**UNITED STATES of America**

v.

**William A. MOUSLEY, Mae E. Mousley.**

**Crim. No. 20633.**

United States District Court
E. D. Pennsylvania.

May 17, 1961.

Walter E. Alessandroni, U. S. Atty., by Joseph J. Zapitz, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

William Leon, Philadelphia, Pa., for defendants.

WOOD, District Judge.

Counsel for defendants have ably briefed and argued a most interesting point, namely: When do the essential acts necessary to conviction under 26 U.S.C.A. § 7201, become precluded from proof by the statute of limitations (18 U.S.C.A. § 3282)?

The years involved are from 1942 through 1946, inclusive. The alleged attempts to evade took place in 1955, 1956 and 1957, inclusive. Obviously, if the statute of limitations is applicable, the period has run, since the last tax year involved is 1946 and the first act alleged to constitute an attempt to evade took place in 1955. The indictment clearly shows that the false statements alleged to have been made in 1955, 1956 and 1957 were a part of an offer to compromise, or an application for discharge of property from Federal tax lien. Counsel for defendant argues vigorously that the statements were all part and parcel of the original evasion, or attempt to evade, which took place when the original tax returns were filed. In support of his able argument, he strongly relies on a most interesting case, namely: United States v. Bridell, D.C.N.D.Ill.E.D.1960, 180 F.Supp. 268. In a carefully worded opinion, Judge Campbell in that case, and distinguishing it from United States v. Beacon Brass Co., Inc. et al., 1952, 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61, held in effect that where a taxpayer filed an individual return and at the same time, or closely related thereto, executed a corporate return that both acts were part of the same attempt to evade and, therefore, if the statute had run on one act it had

run as to both. In other words, as we understand that decision, the filing of the individual return and the corporate return were so interwoven with the attempt to evade that it was part of the same general plan and could not be separated so as to toll the statute of limitations. The problem is, that our situation is considerably different. We think it it clear from the indictment itself that what happened in our case was that after a deficiency in the returns had been determined for the years prior to 1946, negotiations took place between the Government and the taxpayer as to the amount which they owed. During the years 1955, 1956 and 1957, they filed with the Government offers to compromise and made applications to discharge liens which were created by the deficiencies of the years leading up to 1946. These, if the indictment is correct, were false and they constituted an entirely separate false statement to evade the payment of taxes and from a legal standpoint, are wholly unrelated to the filing of a false tax return sometime in 1946 or prior thereto. If we accept the theory of the defendants in this case, a taxpayer who wilfully evaded the payment of his taxes and escaped prosecution because of the tolling of the statute of limitations could come in before the Government any time and make any false statement which served his purpose and escape prosecution therefor merely because he had not been originally prosecuted for filing a false return in the first instance. This,

it appears to us, would create a rather ridiculous situation. To go a step farther, he may have been convicted of the original tax evasion, but could continue to make false statements to the Government relating to civil liability without fear of prosecution because the statute of limitations had run or because he had been convicted of tax evasion in the first instance. As we see it, when a person comes in before the Government in an attempt to compromise their tax lien and to settle the civil liability or to have their property discharged from the lien of the Federal Government, the law requires them to make truthful statements. If their statements are false, then they are evading the payment of taxes which are due the Government by the making of false statements and Congress has clearly set forth that this is a crime. Certainly in the Bridell case the filing of the individual return and the corporate return were separate individual acts but they both had the single purpose at that time of evading the payment of the individual's tax liability by filing a false and fraudulent tax return. In the case before us, it is not a question of filing a false tax return but the making of a false statement to evade the payment of civil liability for taxes assessed against these defendants.

### Order

And now, to wit, this 17th day of May, 1961, it is hereby ordered that the motion to dismiss Counts 1, 2, 3, and 4 of the indictment is denied.