**UNITED STATES of America,**
**Appellee,**

**v.**

**Bernard BAUMGARTEN, Appellant.**

**No. 225, Docket 27235.**

United States Court of Appeals
Second Circuit.

Argued Feb. 14, 1962.

Decided March 16, 1962.

Nicholas Atlas, New York City (Benjamin Weberman, New York City, on the brief), for appellant.

Thomas Day Edwards, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., and Arthur I. Rosett, Asst. U. S. Atty., on the brief), for appellee.

Before CLARK, SMITH and HAYS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

This is an appeal from a sentence of fine of $500 and imprisonment for three months, consecutive on each of two counts, on conviction in the United States District Court for the Southern District of New York on trial to the jury, Thomas F. Murphy, D. J. The appeal attacks the sufficiency of the indictment and of the

evidence and the qualifications of an expert witness on Argentine law. We find no error.

Count One charges appellant with unlawfully placing in the mail certain packages labeled "books" which in fact contained nylon hosiery for the purpose of defrauding the Government of Argentina of import duties, in violation of Title 18 U.S.C. § 1341.[1] The Second Count charges appellant with falsely stating the contents of the parcels to the Post Office Department, in violation of Title 18 U. S.C. § 1001.[2]

■■■ Whether or not proof of an evil intention is necessary in a prosecution under 18 U.S.C. § 1001 (see McBride v. United States, 225 F.2d 249, 253 (5 Cir. 1955), cert. denied 350 U.S. 934, 76 S.Ct. 306, 100 L.Ed. 816; Walker v. United States, 192 F.2d 47, 49 (10 Cir. 1951)), defendant's admissions amply support an inference of such intent here. The fact that similar misconduct involving proof of other elements is covered by 18 U.S. C. § 1723 which provides a more lenient penalty (fine of up to $100) does not bar a prosecution under § 1001. See United States v. Beacon Brass, 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61 (1952); Guarro v. United States, 99 U.S.App.D.C. 97, 237 F.2d 578, 580 (1956).

■■ Appellant's contention that error was committed in allowing one Bullrich— a graduate of the Law School of the University of Buenos Aires who had performed legal research for six months prior to graduation in connection with his employment by a law firm in Argentina but had never applied for admission to the bar and is presently employed by a broker, dealer, underwriter—to testify as an expert that the customs laws of Argentina provide for an import duty on nylon hosiery is likewise unavailing. Although Bullrich's qualifications may leave something to be desired he was possessed of sufficient training in the field, in view of the relative simplicity of the question, so that it was within the proper exercise of its discretion for the trial court to admit his testimony as an expert, leaving it for the jury to determine the weight to be accorded such testimony, United States v. Alker, 260 F.2d 135, 155, 156 (3 Cir. 1958), cert. denied 359 U.S. 906, 79 S.Ct. 579, 3 L.Ed.2d 571; United States v. Lightfoot, 228 F.2d 861, 867 (7 Cir. 1956) (reversed on other grounds 355 U.S. 2, 78 S.Ct. 10, 2 L.Ed.2d 19 (1957)); Murphy v. Bankers Commercial Corp., 111 F.Supp. 608, 611 (S.D.N.Y. 1953); Wigmore, Evidence § 561 (3d ed. 1940).

The judgment is affirmed.

---

1. "§ 1341. Frauds and swindles

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both. June 25, 1948, c. 645, 62 Stat. 763, amended May 24, 1949, c. 139, § 34, 63 Stat. 94."

2. "§ 1001. Statements or entries generally

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both. June 25, 1948, c. 645, 62 Stat. 749."