65 F.3d 167
 76 A.F.T.R.2d 95-6306
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arlin Edward RANEY, Defendant-Appellant.
 No. 94-5828.
 United States Court of Appeals, Fourth Circuit.
 Sept. 5, 1995.
Submitted: April 25, 1995.
Decided: Sept. 5, 1995.
 
 Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. James H. Michael, Jr., District Judge. (CR-94-3).
 Arlin Edward Raney, Appellant Pro Se. Alan Hechtkopf, Robert Esten Lindsay, Karen Marie Quesnel, United States Department of Justice, Washington, D.C.; Ruth Elizabeth Plagenhoef, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before WILKINSON, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 The Appellant, Arlin Raney, appeals his conviction of three counts of tax evasion in violation of 26 U.S.C. Sec. 7201 (1988), and one count of making false claims and statements in violation of 18 U.S.C. Sec. 1001 (1988). Raney contends that the evidence was insufficient to support his conviction, that it was reversible error to permit an Internal Revenue Service (IRS) agent to refer to her notes during her testimony, that the prosecution unlawfully withheld exculpatory material, and that his counsel was ineffective. Finding no reversible error, we affirm his conviction and sentence.
 
 
 2
 We review a denial of a motion for acquittal under a sufficiency of evidence standard. FED. R. CRIM. P. 29; United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992). To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational jury to have found the essential elements of the crime beyond a reasonable doubt. United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993); see also Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 3
 Testimony at trial established that during tax years 1987, 1988, and 1989, Raney filed false tax returns by omitting substantial amounts of income from real estate sales and the sale of his interest in a partnership. The transactions resulted in over $1.5 million in unreported income for the three year period, and $415,849 in additional tax due. Based on Raney's manufactured attempts to hide his income and his pattern of under-reporting income, a jury could properly have found that Raney intended to evade payment of his legal liabilities. Additionally, the jury could have inferred from Raney's false statements and submission of false or misleading documents to revenue agents that Raney was attempting to evade his tax liability. United States v. Beacon Brass Co., 344 U.S. 43 (1952).
 
 
 4
 Next, Raney's claim that an IRS agent's use of notes while testifying was improper is without merit. Raney claims that Agent Tish Folsom's use of her personal notes, written contemporaneously with her interviews with Raney, to refresh her memory was a "gross miscarriage of justice." However, a witness may use a writing to refresh her memory while testifying. FED. R. EVID. 616. Agent Folsom's notes were not admitted into evidence, and there is no indication that the jury considered the notes, instead of Agent Folsom's testimony, as evidence. Therefore, Agent's Folsom's use of notes, taken during interviews with Raney, to refresh her memory was not improper.
 
 
 5
 Next, Raney claims that the Government failed to provide exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963). Raney asserts that he was prejudiced by the Government's failure to disclose a possibly exculpatory internal memorandum until the morning before trial. There is no due process violation as long as the exculpatory material is released in time for effective use at trial. United States v. Smith Grading & Paving, Inc., 760 F.2d 527 (4th Cir.), cert. denied, 474 U.S. 1005 (1985). Raney had the memorandum in time to use it at trial, and did use the memorandum in attempting to impeach Agent Folsom's testimony. Because Raney possessed the memorandum in time to use it at trial, no violation of Brady v. Maryland occurred.
 
 
 6
 Finally, we decline to address on direct appeal Raney's claim that counsel was ineffective. Ineffective assistance of counsel claims should be raised by motion under 28 U.S.C. Sec. 2255 (1988) in the district court and not on direct appeal, unless it "conclusively appears" in the trial record that counsel did not provide effective representation. United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973). The record does not conclusively show that counsel's actions were ineffective.
 
 
 7
 We therefore affirm Raney's conviction and sentence.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 *
 In light of this disposition, we dismiss the Appellant's motion to expedite his appeal as moot