**UNITED STATES of America,
Plaintiff,**

v.

**Timothy Lee NIPPER,
et. al, Defendants.**

**No. 98–CV–526–EA(J).**

United States District Court,
N.D. Oklahoma.

July 11, 2002.

Evan J Davis, U.S. Department of Justice, Tax Division, Washington, DC, for United States of America, plaintiff.

Timothy Lee Nipper, Tulsa, OK, Pro se.

Thomas Eugene Nipper, Tulsa, OK, Pro se.

### *ORDER*

JOYNER, United States Magistrate Judge.

Now before the Court is the United States' motion to compel. [Doc. No. 30]. The Court heard oral argument on the motion on June 10, 2002, and received supplemental briefs thereafter. The Court has considered the following briefs in connection with the United States' motion: the United States' brief in support of the motion to compel (# 30), Mr. Nipper's response in opposition to the United States' Rule 56(f) motion (# 94), the United States' reply (# 97), and Mr. Nipper's surreply (# 99). For the reasons discussed

below, the United States' motion to compel is **DENIED**.

### I. DISCUSSION

This is a civil action in which the United States seeks to reduce to judgment certain outstanding tax assessments against Timothy Lee Nipper for tax years 1981–1988, to set aside allegedly fraudulent conveyances of real property, and to foreclose federal tax liens against certain real property. [Doc. No. 1]. To obtain evidence to support its claims, the United States served discovery requests (i.e., interrogatories, requests for admission, and requests for production) on Mr. Nipper personally. These requests sought information about Mr. Nipper's tax returns, sources of income, bank accounts and statements, and payments and gifts made to others.

In response to the United States' discovery requests, Mr. Nipper asserted a Fifth Amendment privilege and refused to provide any information. The United States has moved to compel Mr. Nipper's responses over his Fifth Amendment objections, arguing that Mr. Nipper cannot assert a Fifth Amendment privilege because he has no reasonable fear of prosecution given that the statute of limitations for tax years 1981–1988 has run. The Court does not agree, and finds that Mr. Nipper has demonstrated a reasonable fear of prosecution for wilful tax evasion.

To validly assert a Fifth Amendment privilege against self-incrimination, Mr. Nipper must demonstrate that he is confronted with a substantial and real, and not merely a trifling, remote or imaginary risk of incrimination.[1] Mr. Nipper argues that he has a substantial and real fear that he could be prosecuted today for wilfully

---

1. *See United States v. Apfelbaum*, 445 U.S. 115, 128, 100 S.Ct. 948, 63 L.Ed.2d 250 (1980); *California v. Byers*, 402 U.S. 424, 429, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971); *Zicarelli v. New Jersey*, 406 U.S. 472, 478, 92 S.Ct. 1670, 32 L.Ed.2d 234 (1972); and *United States v. Schmidt*, 816 F.2d 1477, 1481 (10th Cir.1987).

evading paying taxes for tax years 1981–1988. The Supreme Court has defined the crime of income tax evasion under 26 U.S.C. § 7201 as: (1) failure to pay the tax, (2) an affirmative act of evasion, and (3) willfulness.[2]

■ The statute of limitations for tax evasion under § 7201 is six years. *See* 26 U.S.C. § 6531. The Supreme Court has held that this statute of limitations does not begin to run until the underlying crime has been committed. *United States v. Habig*, 390 U.S. 222, 225, 88 S.Ct. 926, 19 L.Ed.2d 1055 (1968). Thus, one can be guilty of evading taxes due more than six years prior as long as one or more affirmative acts of evasion is committed within the past six years. "[I]t is the date of the latest act of evasion, not the due date of the taxes, that triggers the statute of limitations." *United States v. Ferris*, 807 F.2d 269, 271 (1st Cir.1986).[3] Mr. Nipper argues that he has a substantial and real fear that he could still be prosecuted for evading to pay his taxes for tax years 1981–1988 given that the government need only demonstrate that at some point in the last six years he took some affirmative act of evasion in connection with his 1981–1988 income or tax liability.

■ The United States does not directly dispute Mr. Nipper's reading of the relevant law regarding the running of the statute of limitations for tax evasion. Rather, the United States argues that in order to show a substantial and real fear of prosecution for evasion, Mr. Nipper must show that he "took specific evasive actions during the prior six years." Doc. No. 97, p. 4. In other words, the United States argues that Mr. Nipper must disclose that he actually committed the crime for which he fears prosecution before he can validly assert his rights under the Fifth Amendment. The United States cites no authority which stands directly for such a proposition, and it does not, as the United States argues, follow from the cases cited by Mr. Nipper.

The Court recognizes the United States' concern that Mr. Nipper's argument could make the statute of limitations for wilful tax evasion never-ending, and that he could always have a reasonable fear of prosecution for evasion. This result is due in part, however, to the United States' efforts to make the statute of limitations for evasion offenses open-ended and dependent on the last act of evasion. It is the United States that wants to be able to prosecute evaders well after the underlying tax liability was due and owing. The United States also has control over Mr. Nipper's fear of prosecution for evasion. If the United States has not found sufficient evidence in the last 20 years to prosecute Mr. Nipper for evasion, it can offer him immunity and proceed to obtain his information in connection with this civil action.

■ To assert his Fifth Amendment right, Mr. Nipper is not "required to prove the hazard [of incrimination] in the sense in which a claim is usually required to be established in court ...." *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). Exercise of the privilege against self-incrimination also does not depend upon a judge's prediction of the likelihood of prosecution. *Resnover*

**2.** *Sansone v. United States*, 380 U.S. 343, 351, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); *Spies v. United States*, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943).

**3.** *See also United States v. Shorter*, 608 F.Supp. 871, 874–75 (D.D.C.1985); *United States v. Mousley*, 194 F.Supp. 119, 119–120 (E.D.Pa.1961); *United States v. DiPetto*, 936 F.2d 96, 98 (2nd Cir.1991); and *United States v. Hunerlach*, 197 F.3d 1059, 1064–65 (11th Cir.1999).

*v. Pearson,* 965 F.2d 1453, 1462 (7th Cir. 1992). "[C]ourts should not engage in raw speculation as to whether the government will actually prosecute." *United States v. Sharp,* 920 F.2d 1167, 1171 (4th Cir.1990). That prosecution is possible is enough absent clear evidence of an absolute bar to prosecution. *Id.* "[I]t is only when there is but a fanciful possibility of prosecution that a claim of Fifth Amendment privilege is not well taken." *In re Folding Carton Antitrust Litigation,* 609 F.2d 867, 871 (7th Cir.1979). Mr. Nipper has shown more than just a fanciful possibility of prosecution in this case, especially given the fact that the United States has already alleged in its complaint against Mr. Nipper that Mr. Nipper engages in fraudulent conveyances of property to conceal his income and assets. The government could certainly attempt to argue in an evasion prosecution that any such similar conveyance in the last six years constituted a continuing act of evasion.

The cases cited by the United States are distinguishable. The United States cites: an unpublished Ninth Circuit case, *United States v. Garrett,* No. 99–56226, 2001 WL 206000 (9th Cir. Feb.28, 2001); and *United States v. Aeilts,* 855 F.Supp. 1114, 1119 (C.D.Cal.1994). In these cases, however, the courts only discussed whether the defendants had a reasonable fear of prosecution for wilful failure to file a tax return more than six years after the return was due. The courts held that the defendants did not. The courts did not discuss whether the defendants could have had a reasonable fear of prosecution for wilful evasion (an offense different than wilful failure to file). The statute of limitations is much more definite for a wilful failure to file than it is for wilful evasion. The failure to file occurs on the April 15th following the tax year in question. A wilful evasion offense can, as discussed above, be a continuing offense which subjects a defendant to liability well after the statute of limitations runs for the underlying tax liability.

■ In his original discovery responses, Mr. Nipper did not raise a Fifth Amendment objection in connection with discovery requests which asked him to identify persons who assisted him in drafting his discovery responses. While not asserting a Fifth Amendment objection with regard to these questions, he did assert a relevancy objection. In his sur-reply brief, however, Mr. Nipper now asserts the Fifth Amendment in connection with these questions as well. Even though not asserted until the sur-reply brief, the Court finds no basis for finding that Mr. Nipper has waived his Fifth Amendment right in connection with questions about those who have helped him with this litigation.

■ The privilege against self-incrimination protects the person claiming it from being compelled to give "answers that would in themselves support a conviction" or that "would furnish a link in the chain of evidence needed to prosecute the claimant" for a crime. *Hoffman,* 341 U.S. at 486, 71 S.Ct. 814. As the United States points out in its brief, the relevance of information about those helping Mr. Nipper with this case is that the information could lead it to those other than Mr. Nipper who have first hand knowledge about his income and taxes, and to those to whom Mr. Nipper may have made admissions concerning his income and taxes. Thus, the requested information could easily provide a link in the chain of evidence needed to prosecute Mr. Nipper for wilful evasion, or even for wilful failure to file in the last six years. The information could, therefore, be incriminating and Mr. Nipper cannot be compelled by the government to disclose it.

■ The United States objected in its original motion to compel to the fact that Mr. Nipper was making a blanket invocation of his Fifth Amendment privilege.

Blanket assertions of the privilege are inappropriate. The privilege should be made in response to individual questions based upon a reasonable belief that a response would pose a substantial and real hazard of criminal liability. *United States v. Clark*, 847 F.2d 1467, 1474 (10th Cir. 1988). In this case, however, Mr. Nipper has not made a blanket assertion of the privilege. Rather, in response to individual questions posed in discovery requests, he has asserted his Fifth Amendment privilege. In fact, in response to the United States' first set of interrogatories, Mr. Nipper did answer some questions, and interposed his Fifth Amendment privilege as to others.

### CONCLUSION

The United States' motion to compel is DENIED. [Doc. No. 30]. Mr. Nipper has validly asserted his Fifth Amendment right in connection with the discovery served on him by the United States. Absent immunity, the United States will have to obtain evidence to establish its claims against Mr. Nipper from sources other than Mr. Nipper himself.