**UNITED STATES of America,**
**Appellee,**

v.

**Mon–Leang MUI, Defendant–Appellant.**

**No. 05–3512–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 18, 2007.

Joshua L. Dratel (Erik B. Levin, Kristian K. Larsen, on the brief), Law Office of Joshua Dratel, New York, New York, for Appellant.

Daniel A. Spector, Assistant United States Attorney (David C. James, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, New York, for Appellee.

PRESENT: Honorable DENNIS JACOBS, Chief Judge, Honorable WALKER, Honorable REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Mon–Leang Mui appeals from a judgment of conviction entered after a jury trial at which he was found guilty of obstructing tax laws, *see* 26 U.S.C. § 7212(a); attempting to evade tax laws, *see id.* § 7201; and making false statements to federal agents, *see* 18 U.S.C. § 1001(a)(2). Presently incarcerated, serving a 96–month prison sentence, Mui seeks reversal on the grounds that (1) the district court exceeded its jurisdiction in submitting certain Sentencing Guidelines enhancements to the jury, (2) he was denied due process and a fair trial by the inclusion of such enhancements in the indictment that was read and submitted to the jury, (3) trial counsel was constitutionally ineffective, (4) the statute of limitations barred his prosecution for tax evasion, and (5) his sentence is unreasonable.

Mui's first three arguments present issues of first impression in this court, which we usually address by published opinion. In this case, however, these issues derive from an unusual set of circumstances unlikely to be repeated.[1] For that reason,

---

1. Specifically, Mui was tried after the Supreme Court decision in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), but before its ruling in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a period of "considerable consternation and concern" in the federal courts as to the legality of judicial factfinding under the Sentencing Guidelines,

*United States v. Mincey,* 380 F.3d 102, 103 (2d Cir.2004) (per curiam). The district court addressed this concern by submitting various relevant Guidelines factors in this case to the jury for its determination beyond a reasonable doubt. This approach did not accurately anticipate the remedy ruling in *Booker,* 543 U.S. at 246–71, 125 S.Ct. 738 (Breyer, J.), nor did it strictly conform to this court's instructions

any ruling on these issues, which are plainly without merit, is unlikely to be of precedential value to the disposition of future cases. Accordingly, we proceed by summary order.[2]

### 1. *Jurisdiction*

 Mui's jurisdictional challenge merits little discussion. Because Mui was charged with offenses against the laws of the United States, the district court plainly had subject matter jurisdiction over his case. *See* 18 U.S.C. § 3231; *see also United States v. Si Lu Tian,* 339 F.3d 143, 147 (2d Cir.2003). Mui nevertheless contends that the court exceeded its jurisdiction when it submitted Guidelines factors to the jury. Whether or not the district court might now be faulted for submitting Guidelines factors to the jury in light of our decision in *United States v. Mincey,* 380 F.3d 102, 103 (2d Cir.2004) (per curiam), and the Supreme Court's subsequent decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the alleged error was not jurisdictional.

There is, after all, no jurisdictional bar to the use of special verdicts to obtain from a jury advisory findings relevant to sentencing. *See United States v. Pforzheimer,* 826 F.2d 200, 206 (2d Cir.1987); *United States v. Stassi,* 544 F.2d 579, 583 (2d Cir.1976). In this case, it is undisputed that the district court ultimately treated the jury's Guidelines findings as advisory rather than binding, consistent with the remedy decision in *Booker,* 543 U.S. at 246, 125 S.Ct. 738 (Breyer, J.). Thus, even if Mui could show that he was somehow prejudiced by the submission of the particular Guidelines factors in his case to the jury—a point that we reject in the next section of this order—he would not have established that the court acted in excess of its jurisdiction.

Accordingly, we reject Mui's jurisdictional challenge as without merit.

### 2. *Due Process and Fair Trial*

#### a. *Structural Error*

 Mui submits that the inclusion of Sentencing Guidelines factors in his indictment, and the submission of that indictment and those sentencing factors to the jury, constituted structural error violative of his constitutional rights to due process and a fair trial. *See* U.S. Const. amend. V, VI.

A structural error is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself," so that the process can no longer "reliably serve its function as a vehicle for determination of guilt or innocence." *Arizona v. Fulminante,* 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); *see also United States v. Garcia,* 413 F.3d 201, 217 n. 11 (2d Cir.2005); *Yarborough v. Keane,* 101 F.3d 894, 896–97 (2d Cir.1996). Structural errors cannot be excused as harmless; rather, "a per se rule of reversal applies when a structural error is present at trial." *Peck v. United States,* 106 F.3d 450, 454 (2d Cir.1997); *accord Dallio v. Spitzer,* 343 F.3d 553, 559 (2d Cir.2003). We identify no structural error in this case.

---

in *Mincey,* 380 F.3d at 106 (holding that, despite the potential implications of *Blakely,* "the courts of this Circuit will continue fully to apply the Guidelines" consistent with our prior precedent, including judicial factfinding by a preponderance of the evidence.)

**2.** Were a similar case to arise, the parties could move for publication of this decision. *See, e.g., NLRB v. Yonkers Assoc.,* 416 F.3d 119, 120 n. 2 (2d Cir.2005).

The Guidelines factors pleaded in the indictment and submitted to the jury as part of the charged offenses are essentially surplusage. *See United States v. Peters,* 435 F.3d 746, 753 (7th Cir.2006) (characterizing Guidelines factors pleaded in indictment as mere surplusage in rejecting separation of powers challenge). Surplus pleadings do not alter the fundamental framework of the trial. Certainly, they do not relieve the government of its critical obligation to prove beyond a reasonable doubt each element of the charged offenses. *See generally United States v. Miller,* 471 U.S. 130, 136, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985) (holding that "[a] part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as a useless averment that may be ignored") (internal quotation marks omitted). Indeed, in this case, there could be no confusion as to the government's burden of proof with respect to the actual elements of the charged offenses because the indictment distinguished between those elements and the specified Guidelines factors. Further, the court's charge instructed the jury to reach the issue of Guidelines factors only if it found the traditional elements proved. Thus, the alleged pleading and submission error cannot be deemed structural because it does not cast doubt on the reliability of the jury findings with respect to the actual elements of the charged offenses or otherwise impugn the integrity of the ultimate verdict of guilty.

b. *Harmless Error*

■■■ Having rejected Mui's structural argument, we can confidently conclude that the identified pleading and submission error was harmless. As already noted, the district court, at sentencing, treated the jury's Guidelines findings as advisory rather than binding; thus, in the end, the error did not run afoul of *Booker.* Moreover, Mui points us to no evidence that was adduced at trial to support the Guidelines pleadings that would not otherwise have been admissible to prove the traditional elements of the charged offenses. At most, he contends that he was prejudiced by the prosecution's summation, which, by highlighting Guidelines factors, particularly with respect to the vulnerability of Mui's crime victims, purportedly "infused" the trial "with notions of moral retribution" rather than "dispassionate evaluation of evidence."

Standing alone, improper summation comments will rarely support reversal of a criminal conviction. *See United States v. Young,* 470 U.S. 1, 11, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985); *United States v. Newton,* 369 F.3d 659, 680 (2d Cir.2004); *United States v. Rodriguez,* 968 F.2d 130, 142 (2d Cir.1992). A defendant must show more than that the statements were improper; "he must demonstrate misconduct so egregious that, when viewed in the context of the entire trial, it substantially prejudiced him." *United States v. Newton,* 369 F.3d at 680 (collecting cases).[3] That is not this case. Because Guidelines factors were not properly submitted to the jury, prosecutorial comment thereon might constitute error. Nevertheless, because those comments all drew upon evidence that would have been admissible in any event, we conclude that the misconduct (if any) was not so severe as to mandate reversal. *See generally United States v. Thomas,* 377 F.3d 232, 245 (2d Cir.2004) (identifying severity of misconduct, togeth-

---

**3.** Indeed, because no trial objection was raised to the prosecution's summation, Mui would have to demonstrate that the challenged comments constituted plain error. *See*

*United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Torrellas,* 455 F.3d 96, 103 (2d Cir. 2006).

er with corrective measures, and certainty of conviction without challenged statements as factors relevant to assessment of prejudice); *United States v. Parker*, 903 F.2d 91, 98–99 (2d Cir.1990) (same). Indeed, we have declined to reverse convictions in cases involving prosecutorial comments that might well be viewed as more inflammatory than those here at issue. *See United States v. Newton*, 369 F.3d at 681 (concluding that hyperbolic argument implying that defendant was a "predator" was not so severe as to warrant reversal); *United States v. Simmons*, 923 F.2d 934, 955 (2d Cir.1991) (same regarding prosecutor's summation reference to "collapsed veins of junkies"). In this case, the record evidence of Mui's guilt on the traditional elements of the charged crimes is so plainly overwhelming that we can confidently conclude that no different verdict would have been returned in the absence of the challenged summation comments. *See United States v. Thomas*, 377 F.3d at 245; *United States v. Nersesian*, 824 F.2d 1294, 1330 (2d Cir.1987) (upholding conviction despite improper summation because, "based on the evidence properly admitted, the jury would have found [the defendant] guilty even absent the prosecutor's comments"). In sum, we conclude that Mui's due process and fair trial challenges to his conviction are without merit.

### 3. Ineffective Assistance of Counsel

■ As a rule, claims of ineffective assistance of counsel are appropriately raised on collateral review rather than direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Nevertheless, we have indicated a willingness to review such claims on direct appeal when

the record is fully developed and resolution is beyond doubt. *See United States v. Garcia*, 413 F.3d at 219 n. 13; *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir.2004); *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir.2003). Mui presents such a fully developed claim with respect to his counsel's purported ineffectiveness in failing to object to the inclusion of Guidelines factors in the indictment or to their submission to the jury at trial.[4] To prevail on this claim, Mui must show both that his attorney's conduct, at the time at issue, fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's error, the result of the proceedings would be different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Jameson v. Coughlin*, 22 F.3d 427, 429 (2d Cir.1994) (holding that reasonableness of counsel's conduct is appropriately judged by reference to law then in effect; counsel is not incompetent for failing to predict changes in law). Mui cannot satisfy either burden.

■ First, Mui cannot show that counsel's failure to object to the Guidelines pleadings or charge was objectively unreasonable given that the National Association of Criminal Defense Lawyers and the National Association of Federal Defenders, appearing as *amici curiae* before the Supreme Court in *United States v. Booker*, urged the Court to conclude that the Sixth Amendment required Guidelines "enhancing facts [to] be alleged in indictments and proved to the jury beyond a reasonable doubt." Brief Amicus Curiae, Nat'l Ass'n of Crim. Def. Lawyers at 26, 2004 WL 2112280 (capitalization deleted); *see also* Brief Amicus Curiae, Nat'l Assoc. of Fed. Defenders at 15, 2004 WL 2398563

---

4. To the extent Mui charges counsel with myriad other instances of ineffectiveness, we dismiss that part of his appeal without prejudice to presentation of the claims on a collateral challenge to conviction.

("[T]he first requirement of *Blakely*, that enhancement facts should be charged by indictment, is legally permissible and practicable."). Tactical reasons, as well as constitutional theory, supported this position. Treating Guidelines enhancements as elements would impose a heavier pleading and proof requirement on the government, thereby enhancing a defendant's chance of escaping conviction either all together or on what might be characterized as Guidelines-aggravated charges. Further, such a requirement would allow a defendant to argue that a court was constitutionally barred from imposing a sentence above the Guidelines minimum absent a specific pleading and jury finding beyond a reasonable doubt on any factor that enhanced sentence. In this light, we cannot conclude that counsel's failure to object to the Guidelines pleading or submission was objectively unreasonable. *See generally Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. 2052 (court will not find conduct objectively unreasonable where counsel's strategic choices fall within "wide range of reasonable professional assistance"); *Lynn v. Bliden*, 443 F.3d 238, 247 (2d Cir.2006).

■ Second, Mui fails to demonstrate the requisite prejudice. As previously noted, he cannot point to any evidence that would have been excluded if counsel had successfully objected to the challenged pleading or submission of Guidelines factors to the jury. Nor, for reasons already discussed, can he demonstrate that an objection by counsel to prosecution Guidelines arguments in summation would have resulted in a different jury verdict or court sentence.

Thus, we reject this part of Mui's ineffectiveness claim on the merits.

### 4. *Statute of Limitations*

■ Mui contends that his tax evasion conviction must be reversed because the crime falls outside the relevant six-year statute of limitations. *See* 26 U.S.C. § 6531. The record shows that, between August 1996 and April 1998, Mui made a series of false statements to federal authorities in an effort to conceal his evasion of taxes for the year 1992. Although the 1998 statements clearly fall within the limitations period, Mui submits that they do not count because his evasion was complete when authorities seemingly accepted his first false statement. We disagree.

The law is well established that the statute of limitations for tax evasion runs from "the day of the *last act of evasion*." *United States v. DiPetto*, 936 F.2d 96, 98 (2d Cir.1991) (emphasis added). The last act of evasion encompasses any act of concealment, including repeated false statements to government officials aimed at avoiding discovery of unreported income. *See United States v. Beacon Brass Co.*, 344 U.S. 43, 45–46, 73 S.Ct. 77, 97 L.Ed. 61 (1952) (holding that language proscribing tax evasion "in any manner" is sufficiently broad to include acts of concealment, including "false statements made to Treasury representatives for the purpose of concealing unreported income"); *see also United States v. Ferris*, 807 F.2d 269, 271 (1st Cir.1986) (cited in *United States v. Beacon Brass Co.*, 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61) (holding that deceitful 1983 statements continued crime of evasion with respect to 1978 taxes to date of statements).

Accordingly, we hold that Mui was prosecuted for tax evasion within the limitations period.

### 5. *Reasonableness of the Sentence*

Mui submits that, even if his conviction is upheld, his sentence should be vacated as unreasonable. He faults the district court for failing to consider the sentencing

factors outlined in 18 U.S.C. § 3553(a) and, instead, presuming the reasonableness of the Sentencing Guidelines range. He further complains of the court's decision to sentence him above his Guidelines range.

■ The first argument is quickly addressed. At sentencing, the district court clearly acknowledged its obligation to consider § 3553(a) factors in imposing sentence: "I'm required under 3553(a) to consider all of [the] factors relevant under that section before imposing a sentence." Sentencing Tr. at 34. Such a statement is generally sufficient to demonstrate the requisite statutory consideration. *See United States v. Fernandez,* 443 F.3d 19, 29–30 (2d Cir.2006); *United States v. Crosby,* 397 F.3d 103, 113 (2d Cir.2005); *United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005).

■ Although Mui submits that the district court, in considering the § 3553(a) factors, erroneously accorded the Guidelines a presumption of reasonableness, the record does not support that argument. The district court stated only that, in the majority of cases, a Guidelines sentence is reasonable. This court made that same observation while specifically declining to accord the Guidelines a presumption of reasonableness. *See United States v. Fernandez,* 443 F.3d at 27 (recognizing that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable").

■ Mui's complaint that the district court failed to consider its § 3553(a) obligation to "impose a sentence sufficient but not greater than necessary, to comply with the purposes" outlined in subsection (a)(2) is similarly lacking in record support. The district court explicitly stated that it considered the Guidelines range "far too mild a punishment for Mui's conduct." Sen-

tencing Memorandum at 5. Further, the district court detailed specific reasons for imposing a higher sentence—the vulnerability of the victims, Mui's obstructive efforts to derail the investigation and trial, and Mui's perjury—all of which fit comfortably within one or more of the purposes outlined in § 3553(a)(2).

■ Mui submits that the district court erred in using obstruction of justice as a ground for upward departure when it had already declined to apply an obstruction enhancement to his guidelines calculation. *See* U.S.S.G. § 3C1.1. We disagree. The district court apparently declined to apply the § 3C1.1 enhancement because of certain ambiguities in the pre-sentence report regarding the particular instance of obstruction at issue. Nevertheless, the record makes clear that Mui had engaged in *multiple* instances of obstruction, which together amply justify an upward departure, regardless of the application of § 3C1.1. *See United States v. Ventura,* 146 F.3d 91, 97 (2d Cir.1998) ("[I]f . . . the defendant engaged in multiple instances of obstruction or . . . his obstruction is distinguished by its triviality or seriousness—so that the defendant's conduct is fairly seen as obstruction of a kind or to a degree not adequately taken into account by [the Guidelines], a departure from the normal two-level enhancement may be appropriate." (internal quotation marks omitted)). Precisely because the Guidelines are advisory, a district court may, in the sound exercise of its sentencing discretion, conclude from the particular facts in a given case that a sentence outside the Guidelines range is needed to comport with § 3553(a)(2). *Cf. United States v. Anati,* 457 F.3d 233, 237–38 (2d Cir.2006) (noting that while a court has authority to sentence outside the Guidelines range, a categorical rejection of the policy basis of the Guidelines is substantively unreasonable);

*United States v. Rattoballi,* 452 F.3d 127, 133 (2d Cir.2006) (court may not categorically reject particular Guideline sentence). Although our review is necessarily limited, the ruthless greed, boldness, and destructiveness of Mui's crimes is obvious even on a cold record, amply supporting the district court's conclusion that the relevant statutory sentencing factors warranted a higher sentence than that prescribed by the Guidelines.

 Finally, Mui faults the district court for referencing, in a post-sentencing memorandum, further obstructive conduct occurring after sentencing. Precisely because the court imposed sentence before this further misconduct came to its attention, we conclude that the fact had no impact on the original sentencing decision. Thus, Mui cannot show that he was in any way prejudiced by a reference to subsequent conduct that only served to reinforce the district court's original sentencing conclusion.

In sum, we identify no merit in Mui's challenge to the reasonableness of his sentence.

We have considered the remainder of Mui's arguments and find them to be without merit. The judgment of the district court is hereby AFFIRMED.