William R. FORMAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15324.

United States Court of Appeals Ninth Circuit.

Oct. 27, 1958.

Rehearing Denied Feb. 26, 1959.

---

4.   § 293(a) I.R.C.1939 (Please see Footnote 1)

182

George W. Mead, S. J. Bischoff, Portland, Or., for appellant.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., John S. Obenour, Asst. U. S. Atty., Tacoma, Wash., Charles K. Rice, Asst. Atty. Gen., Richard B. Buhrman, Joseph F. Goetten, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before HEALY, POPE and FEE, Circuit Judges.

PER CURIAM.

Upon petition for a rehearing the United States asks us to modify our decision by ordering the cause remanded to the district court for a new trial.

We think this suggestion is a proper one. In our opinion we accepted the position taken by the court below in its instructions that the conspiracy charged "was consummated upon the filing of the individual tax returns." We then proceeded, upon the authority of Grunewald v. United States, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931, to hold that the case had been improperly submitted to the jury with instructions that there might be a conviction if it was a part of the conspiracy "to make continuing efforts to avoid detection and prosecution."

■ The Government concedes that the case was submitted to the jury on an impermissible theory but says that as in the Grunewald case, the indictment here presented an alternative theory. That alternative theory, closely paralleling the alternative legal theory in the Grunewald case, which the Supreme Court held "unexceptionable" is based upon the allegations of paragraph "D" of the indictment quoted in our opinion which charges that the conspiracy was one "to violate * * * § 145(b) of the Internal Revenue Code [26 U.S.C.A. § 145(b)] * * * by furnishing officers and employees of the Revenue Department false books and records and false financial statements, and by making false statements to such officers and employees, for the purpose of concealing from the Treasury Department their share of the unreported income * * * and for the purpose of concealing * * * the true income tax liability of Amador A. Seijas. * * * *" So read the indictment alleges furnishing false books and reports and making false statements in an at-

tempt to evade taxes within the meaning of § 145(b) which imposes penalties upon "any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter". Such an attempt may be made by false statements to Treasury representatives. United States v. Beacon Brass Co., 344 U.S. 43, 73 S.Ct. 77, 97 L.Ed. 61.

It now appears to us that the case might have been tried upon this alternative theory, namely, that the conspiracy continued past the filing of the returns for the purpose of protecting the taxpayers from tax prosecution. What was said in the Grunewald case about this alternative aspect of the Government's case sufficiently indicates that certain of the overt acts listed in the indictment and charged to have occurred in 1948, 1951 and 1952, involving false statements, could well have been in furtherance of and during a conspiracy having as its objective not the concealment of the conspirators' conspiracy but tax evasion. Tax evasion may include attempts not only to block prosecution of the taxpayers but to block collection of the tax. In the case of a false or fraudulent return there is no limitation of time for collection of tax. Revenue Code 1939, § 276(a), 26 U.S.C.A. § 276(a), Code 1954, § 6501(c) (1), 26 U.S.C.A. § 6501(c) (1). The distinction between the acts of concealment which were referred to in the court's instructions upon the first trial and the acts of concealment to which we now refer, was stated by Judge Frank in his dissent when the Grunewald case was in the Court of Appeals, (United States v. Grunewald, 233 F.2d 556 at page 593), with which dissent the Supreme Court agreed. As Judge Frank put it: the distinction is between "(1) acts of concealment intended (at least in part) to block prosecution of the taxpayers for tax evasion, and (2) acts of concealment intended solely to block prosecution of the conspirators for conspiracy, * * * ."

We now think that the record does not require a conclusion that the conspiracy here was consummated by the filing of the individual tax returns.

The last paragraph of our opinion is modified so as to provide that the judgment is reversed and the cause remanded for a new trial.