TATEL, Circuit Judge,
dissenting in part:
Although I share my colleagues’ concerns about the implications of the government’s argument, I cannot so easily dismiss Forman v. United States, 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412 (1960), overruled on other grounds by Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).
In Forman the Supreme Court considered whether the applicable six-year statute of limitations barred the government from prosecuting a tax evasion conspiracy seven years after the filing of the last fraudulent tax return. The conspirators were two partners in a pinball machine business who robbed the machines at the most profitable locations, concealed the money from the location owners who were entitled to a cut, and omitted the “holdout income” from the partnership’s books and tax returns. Forman, 361 U.S. at 418-19, 80 S.Ct. 481. At the same time, Forman’s business partner, Seijas, kept diaries recording his share of the purloined profits but paid no individual income tax on them. Id. at 419, 80 S.Ct. 481. The indictment charged the partners with conspiracy to evade Seijas’s individual income taxes and to provide false statements to the Treasury Department to conceal his true income tax liability. Id. at 417, 80 S.Ct. 481. A jury convicted the partners on both counts. Id.
On appeal the Ninth Circuit acknowledged record evidence that Forman participated in a conspiracy to evade Seijas’s income taxes, that he made false state *1101 ments concealing the evasion within the six years immediately prior to the indictment, and that concealment of the holdout income continued until Seijas turned his diaries over to federal agents just before the filing of the indictment. Forman v. United States, 259 F.2d 128, 133-34 (9th Cir.1958). But finding that the case had been submitted to the jury on a theory foreclosed by Grunewald v. United States, namely that “a subsidiary conspiracy to conceal may ... be implied from circumstantial evidence showing merely that the conspiracy was kept a secret,” 353 U.S. 391, 402, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957), it reversed the conviction. Forman, 259 F.2d at 134-35. On rehearing, however, the Ninth Circuit agreed -with the government that a permissible alternative theory could support a conviction, so it remanded for a new trial. Forman v. United States, 261 F.2d 181, 183 (9th Cir.1959). Specifically, it concluded that the overt acts charged in the six-year period before the indictment “could well have been in furtherance of and during a conspiracy having as its objective not the concealment of the conspirators’ conspiracy but tax evasion” itself. Id.
The Supreme Court affirmed, agreeing that the government could attempt to prove in a new trial that the conspiracy continued seven years after the last fraudulent tax return. Forman, 361 U.S. at 422-24, 80 S.Ct. 481. Critically for our purposes, the Court relied not on the existence of a “subsidiary conspiracy” between the partners in the ensuing years to conceal their already-completed crime, but rather on the possibility that the tax evasion conspiracy itself continued until that date. Id. Because the filing of fraudulent tax returns was “but the first step in the process of evasion,” id. at 423-24, 80 S.Ct. 481, and because the partners would be unable to achieve their objective until the government could no longer collect taxes on the withheld income, id. at 424, 80 S.Ct. 481, the Court concluded that the indictment alleged and that evidence supported “one continuing conspiracy” of tax evasion, id. In other words, the Court held, the conspiracy could continue until seven years after the filing of the last fraudulent tax return because the acts of concealment furthered the conspiracy’s very objective.
Indeed, even the Grünewald Court recognized that a conspiracy could extend in this manner, though it found that the government hadn’t proceeded on such a theory in that case. There the Court stated that “acts of concealment done in furtherance of the main criminal objectives of the conspiracy” can prolong the conspiracy because “successful accomplishment of the crime necessitates concealment”; by contrast, “acts of concealment done after these central objectives have been attained, for the purposes only of covering up after the crime,” cannot prolong the conspiracy. Id. at 405, 77 S.Ct. 963. In Grünewald the Court suggested that this distinction may turn more on the scope of the conspiracy alleged and proven to the jury than on the particular acts of concealment. Thus, although the Court disagreed that acts concealing a conspiracy to obtain rulings that temporarily barred prosecution for tax evasion furthered the conspiracy beyond the date the defendants obtained the rulings, it emphasized that the very same acts could continue the conspiracy if its objective were to evade tax liability permanently rather than simply to obtain temporary no-prosecution rulings. See id. at 408-11, 77 S.Ct. 963. Indeed, the Court reversed the defendant’s conviction only because it doubted that this second theory of the conspiracy’s objectives had been submitted to the jury. Id. at 411, 77 S.Ct. 963.
Dismissing Forman’s, relevance, this court concludes that the case before us must fall in the Grünewald line of cases *1102 because “the only possible way to find an agreement between Turner and Andrews to conceal their conspiracy is to infer its existence.” Maj. Op. at 1098. Perhaps the court means that proving a subsidiary conspiracy to conceal the principal criminal conspiracy after the latter realizes its objectives requires direct evidence of an agreement to conceal that is lacking here. If so, I agree, but Forman’s holding and Grünewald’s reasoning require that we answer a second question: whether the concealment could continue the principal conspiracy itself by furthering its very objectives. Sidestepping this question, my colleagues observe that the tax evasion conspiracy in Forman continued because the “ ‘essence’ ” of tax evasion is concealment, Maj. Op. at 1101 (quoting Forman, 361 U.S. at 420, 80 S.Ct. 481), without considering whether the “essence” of the conspiracy here could amount to concealment as well. I believe the answer to that question is yes. Just as “the ‘essence of [a] conspiracy’ to evade taxes [is] concealing income,” Maj. Op. at 1098 (quoting For-man, 361 U.S. at 420, 80 S.Ct. 481), the essence of the conspiracy here is concealing the identity of the rightful beneficiary of federal insurance proceeds.
I see no basis for distinguishing this case from Forman. As in Forman, where the government charged the defendants with conspiring to make false statements for the purpose of “concealing from the Treasury Department” the conspirators’ true tax liability, 259 F.2d at 129-30, the government here charged Turner and Andrews with conspiring to “defraud the United States by impairing, impeding, and defeating the lawful functions and duties” of the agencies charged with implementing and overseeing the federal life insurance program, Indictment ¶ 7(a). At trial, the government produced evidence that these agencies have ongoing duties and investigatory authority to ensure that federal life insurance proceeds are properly distributed, as well as authority to recover wrongful distributions. The government also produced evidence that the agencies actually conducted such an investigation and that overt concealment occurred during 2005. In other words, the indictment charged and the government offered evidence that the original receipt of insurance proceeds was “but the first step in the process of’ defrauding the United States government, Forman, 361 U.S. at 423-24, 80 S.Ct. 481, and that the ongoing concealment advanced this broader goal.
I share my colleagues’ concern that, under the government’s theory, the statute of limitations might never run “until the conspirators’ death, conviction, or confession,” Maj. Op. at 1097 — provided, of course, that the conspirators engage in overt acts of concealment in the meantime. Indeed, just as in Forman, the government could charge virtually any conspiracy to commit a property crime as one that necessarily entails continuing concealment. See, e.g., Grunewald, 353 U.S. at 405, 77 S.Ct. 963 (“[RJepainting a stolen car would be in furtherance of a conspiracy to steal [because] the successful accomplishment of the crime necessitates concealment.”). But these are the consequences of the Supreme Court’s holding in Forman and its reasoning in Grünewald. Because I feel bound by both, I reluctantly dissent.